UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILIP ALLINGTON<br>    **Plaintiff**<br><br>v.<br><br>DELANOR, KEMPER &<br>ASSOCIATES, LLC<br><br>    **Defendant** | 3:10-CV-00889-VLB<br><br>JURY TRIAL DEMANDED<br><br><br><br><br>JULY 8, 2010 |

## I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed by Defendant collection agency. In this action, Plaintiff asserts claims against Defendant, Delanor, Kemper & Associates, LLC, for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and includes pendent State law claims for intentional infliction of emotional distress, and for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*

## II. PARTIES

2. The plaintiff, Philip Allington, is a natural person residing in Norwalk, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

3. Defendant, Delanor, Kemper & Associates, LLC ("Delanor"), is an Atlanta, Georgia based limited liability company and is a debt collector as defined by FDCPA § 1692a(6).

## III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1367, and 1337, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over the defendant because it engages in business activities within Connecticut.

6. Venue in this Court is proper, because the Plaintiff is a resident and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

7. In or around 2008, Plaintiff had taken out a personal loan with VC Funding, Inc. which resulted in a debt ("the Debt").

8. VC assigned the Debt to Delanor for collection.

9. Delanor is a consumer collection agency as that term is defined by Conn. Gen. Stat. § 36a-800(1).

10. Delanor has not obtained a license as a consumer collection agency with the Connecticut Department of Banking as required by Conn. Gen. Stat. § 36a-801(a).

11. On or around June 9, 2010, a Delanor representative named Ms. Malone called Plaintiff's friend Rosemary Freeman's residence and left a message; on that message, Ms. Malone failed to state that the communication was from a debt collector, and she said that she was trying to get in touch with Plaintiff regarding an urgent matter, and she left a case number and said that she needed him to get back to her immediately.

12. Ms. Malone called again that same day, and Ms. Freeman picked up the phone, and they spoke.

13. During that conversation, Ms. Malone told her that she was trying to get in contact with Plaintiff, and that it was in his best interest to get in touch with her so as to avoid having criminal charges brought against him.

14. Ms. Freeman asked Ms. Malone what she was calling about, and Ms. Malone told her it was regarding a bill, and she provided Ms. Freeman with a case number.

15. The nature of Ms. Malone's call infuriated Ms. Freeman.

16. On or around June 11, 2010, Ms. Malone called Plaintiff's mother's friend Pamela Raccio and left a message on her answering machine; on that message, Ms. Malone failed to state that the communication was from a debt collector, and she referenced the Florida country courthouse information and a "pending case number" regarding the Debt.

17. Ms. Raccio called Delanor in response to that message, and she spoke with Ms. Malone.

18. During that conversation, Ms. Malone told Ms. Raccio that Plaintiff owed $900 and that he "sounded like a bad apple."

19. Ms. Raccio called Ms. Malone back and provided her with Plaintiff's contact information, and she told Ms. Malone that she did not want to be contacted again regarding the Debt; in response, Ms. Malone said "you will be eliminated," and she hung up.

20. Ms. Raccio found Ms. Malone to be rude and nasty on the phone, and Ms. Malone's calls made her emotionally upset; Ms. Raccio called Plaintiff's aunt and told her about the call, and she gave her information to relay to Plaintiff.

21. On or around June 16, 2010, Ms. Malone called and spoke with Plaintiff, and during that conversation, she referenced a case number, and she told him that if he did not pay $336 that month and the next month, then he would be arrested and thrown in jail for 3-6 years, and that he would be "playing Russian Roulette" with his life, that Delanor would subpoena his aunt and friend to appear in court, and that a lawsuit had already been filed in Florida.

22. On or around July 2, 2010, a male Delanor representative called and left a message for Plaintiff on his answering machine; on that message, he did not state that the communication was from a debt collector, and he referenced a case number, and he said that Plaintiff needed to speak with him as soon as possible in order to "rectify the problem outside of the court system."

## V. CLAIMS FOR RELIEF

### COUNT ONE
### Fair Debt Collection Practices Act

23. Plaintiff incorporates Paragraphs 1-22.

24. Delanor violated the FDCPA by calling third parties and leaving messages that failed to state that the communication was from a debt collector and which contained false statements made for the purpose of harassing Plaintiff; by speaking about the Debt with third parties in an impermissible manner and making false and deceptive statements during those conversations; by calling Plaintiff and leaving a

4

message that failed to state that the communication was from a debt collector and which contained false statements made for the purpose of harassing Plaintiff; by calling and speaking with Plaintiff and making false and deceptive statements for the express purpose of harassing Plaintiff and intimidating him into making a payment; and by engaging in unlicensed debt collection activities in Connecticut.

25. For Delanor's violation of the Fair Debt Collection Practices Act as described above, the Plaintiff is entitled to recover his actual damages (including emotional distress damages), statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO
### Intentional Infliction of Emotional Distress

26. Plaintiff incorporates Paragraphs 1-22.

27. Delanor knew, or reasonably should have known, that its conduct would likely cause emotional distress to Plaintiff.

28. Delanor's conduct did cause Plaintiff to suffer emotional distress, embarrassment, shame, stress and anxiety.

## COUNT THREE
### CUTPA

29. Plaintiff incorporates Paragraphs 1-22.

30. Delanor has engaged in unfair and deceptive trade practices in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq*.

31. Plaintiff has suffered an ascertainable loss, because he has been subjected to illegal debt collection activities.

32. Delanor violated CUTPA and is liable to Plaintiff for his monetary damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, the Plaintiff seeks recovery of monetary damages; actual damages (including emotional distress damages) pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k, and actual damages, punitive damages, and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g; an order enjoining Delanor from engaging in debt collection activities in Connecticut until it is properly licensed; and such other relief as this Court deems appropriate.

PLAINTIFF, PHILIP ALLINGTON

By: _____
Daniel S. Blinn (ct02188)
Matthew W. Graeber (ct27545)
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Road, Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax. (860) 571-7457